May it please the court, Mr. Selester. Good morning, Your Honors. My name is Jim Halley. I represent Craig Dawson. Mr. Dawson appeals the district court's denial of his habeas corpus petition challenging two actions of the Oregon Board of Parole on ex post facto grounds. Mr. Dawson committed a murder on May 30, 1985. He was sentenced about four months later after a stipulated facts trial to life in prison. At that time, Oregon had an indeterminate sentencing system under which a judge would impose a sentence, as the judge did in this case of life, and then the Oregon Board of Parole would make a determination of how long the prisoner actually would serve in prison, pursuant to statutes and rules in effect at the time. Counsel, you're challenging Board Actions No. 5 and 6, correct? The first challenge is to Board Action Form No. 5. Right. And let me just ask the question that troubles me about this case. In Board Action No. 5, your client got 36 months of supervised release, correct? Yes. And there isn't any doubt that that was a penalty to which he was subject. They may not have given the correct reasons. They may not have given any reasons in No. 5, correct? Yes. And in No. 6, he was again given 36 months, perhaps pursuant to a new statute passed in the state, right? I view the record a bit differently, Your Honor. But here's my question. His term was never increased. In other words, the first term that it was given under Board Action No. 5 was 36 months. The term given under Board Action No. 6 was 36 months. There may have been some Oregon State law errors along the way, which is to say the Board may not have given reasons the first time it gave him 36 months. But I'm having difficulty figuring out what your federal claim is. His penalty was never increased. He perhaps could have gotten 12 months the first time, but that's not what the Board gave him. So where's the federal constitutional claim? The violation is that the Oregon Board of Parole applied a statute and rule adopted in 1993 when it revoked him, that being ORS 144.085, commonly known as the one in effect before 1993. He was still subject to a 36-month term, was he not? He could have been. He could have been, and that's what they gave him. But the Board would have had to have had made findings. Right, but isn't that an Oregon State law problem? In other words, the penalty that he got under both Board Actions was 36 months. He was statutorily subject to a 36-month supervised release term each time. They may not have followed Oregon law in the way they imposed it. They may not have given sufficient reasons, or they may have used the wrong statute the second time. But why are those federal constitutional claims? The test is whether or not the action of the Board presented a significant risk of an increase in punishment. If the Board had followed the rules in effect on the date of Mr. Dawson's offense, that being ORS 144.310 and OAR 255-9002, Mr. Dawson would have been, based on all that can be determined from the record, he would have been given a year. You don't know that. They gave him 36 months. They may not have given reasons, but we can't say that they didn't have reasons. You can, because, first, they didn't express any reasons. But, see, then they later, in No. 6, come out and make specific reference to the new statute, which they didn't do in No. 5. So, as I look at it, it seems more likely that they decided, serious offense, whatnot. We're going to extend the period of oversight to 36 months. They may have failed to give reasons required by state law, but the question posed by Judge Hurwitz is, what does that make that federal? Because when they do come out and act based on the new statute, which gives you the potential basis for your ex post facto claim, it's the same result. It's the same 36 months. But it is a different result. The board acted with the belief that it could use Senate Bill 936 and the rule adopted pursuant to that requiring a minimum period of supervision. But it didn't increase the punishment. He had 36 months before. He had 36 months after. It's not a test of whether the punishment is actually increased. It's a question of whether it's a significant risk of increased punishment. Mr. Dawson doesn't have to know. Well, the answer appears to be no, because the punishment wasn't, in fact, increased. Well, it's the risk, and here's the risk. If the board had followed the rules in effect at the time of Mr. Dawson's offense, it would have imposed a year of supervision. No, stop right there, because you've already told us that's not true. You've told us they could have given an extended period, and it's clear they could have given an extended period if they gave reasons. Because the court has to view the record based on what is there, and there's nothing there that says that they found the factors that they would need to find under the rules in effect in 1993 to impose a longer term. So you want us to presume the opposite. In this context, how are we supposed to presume the opposite? Isn't this a situation where we're expected to give deference to the State's judgments? Yes, you're supposed to give deference to the State's judgments, but it's clear from the record that they were acting pursuant to a statute and rule in effect after Mr. Dawson's offense. It overlooks the test of significant risk to determine that there's no ex post facto violation here because they could have given him this longer sentence. Counsel, forgive me. I don't think you're either hearing or responding to what my colleagues have asked you. Both of them have indicated to you, and I agree, that there was 36 months throughout. The risk was not higher. It was 36 months before, 36 months after. I would ask you this, given the fact we're dealing with an AEDPA situation here. Are you familiar with any Supreme Court case that would allow us to overturn what occurred here based upon the fact that the board did not explain its reasoning as it was required to do under the 1985 law? Anything that would help us on that? No, not off the top of my head, Your Honor, and I'd like to have the opportunity to submit a Rule 28J letter if I may. I'll look after the hearing if I can. If I understand the Court's question, is the lack of reasoning, is there a Supreme Court? In other words, is that something the Supreme Court has expressly addressed? Is it a constitutional issue that we should be aware of? Because right now, as my colleagues have indicated, we're dealing with the question of whether there is a federal constitutional violation here, in this case, an ex post facto violation, where the Supreme Court has specifically said that what occurred doesn't work under federal law. My colleagues have indicated, and I agree, that you had 36 months under the 85 rule. You had 36 months under the 93 rule. So the only difference is they didn't explain the increase. Is that sufficient under AEDPA to get you over the hump? And I'm asking you, is there a Supreme Court case that tells us that? I can't say that there's one that's directly on point on that issue, Your Honor, but I do think that Lindsay v. Washington from 1937 is relevant on the point because there the State of Washington imposed a 15-year minimum sentence in circumstances where the original sentence available to the defendant was 3 to 5 years and increased supervision to life. And the Court noted that. Let me try this again and just make sure I understand your argument correctly. What if the State of Oregon and the Board, in imposing the original 36-month supervised release in Board Action No. 5, had given reasons? Would you be here today? No. No. I don't think that there would have been an argument then because they would have applied to an effect on the date of his offense. Okay. So this is why I'm having difficulty because their absence of reasons strikes me as a failure to comply completely with Oregon law, but the Constitution didn't require reasons in Board Action No. 5, did it? I argue that the Constitution does require the Board to follow its own rules. Okay. So your argument, your constitutional argument is that the Board must follow State law. That the Board must follow its rules. That's the essence of the ex post facto claim. Otherwise, there's nothing left of the ex post facto claim if there's a discretionary option on day one and then a mandatory similar fits within the discretionary option later and the person gets the later mandatory minimum. There's no protection. There's no recognition conferred on the ex post facto clause. Not only would I urge the Court to find that Lindsay v. Washington is relevant in this respect in that it found that the increase in supervision, which is what occurred to Mr. Dawes, violated in part the ex post facto clause, also Weaver v. Graham, 450 U.S. 24, where the Court remarked that the reduced opportunity to earn two years' credit. Forgive me, Counsel. Well, I think maybe I don't understand the cases as well as you do, but I didn't think those cases dealt with a situation where the original law permitted, in this case, a 36-month extension or basically had a 36-month supervision and the new law was the same. I thought those cases dealt with a situation where the original law had, I forget what the term was, but far less than what was later imposed. The Supreme Court's been pretty clear about that, but we're all struggling with the fact, I think, that you had 36 months before and you had 36 months afterwards. There is no increase in the statute. The issue really seems to be they didn't explain why, and you've been asked whether that's a federal issue. And I think you conceded that but for the Board's failure to give a reason, you wouldn't be here. Isn't that correct? Because in those circumstances, it had been clear on the record that the Board had applied the rule in effect on the date of Mr. Dawson's offense as opposed to going to a statute and rule adopted later that made what was the maximum, 36 months, the minimum. Thank you. I can see I'm out of time. Thank you very much, Your Honors. May it please the Court, Tim Sylvester for the State of Oregon, Mr. Bellicott. Mr. Howley. I think that district court's decision is correct for all the reasons stated in its opinion. One thing I would point out is given the fact that Mr. Howley cannot cite an Oregon Supreme – I mean, a U.S. Supreme Court case on point, I think that ends the matter under ADEPA. Does it? What if the Oregon Board had said in Board Action No. 5, we are using the 1993 statute, which requires – because the action occurs in 1993. So what if they had said, gee, you're subject to the minimum 36-month requirement of the 1993 statute in Board Action No. 5? Would that have been an ex post facto violation? No. No. That would be a retroactive application of a new statute. So it would be retro – but under the ex post facto clause under Morales and the other cases talked about in our briefs, it not only has to be a retrospective, retroactive application of a new statute, but actually disadvantage and result in a long – But let's play that through for a second. I don't know what underlay Board Action No. 5 because the board didn't say. Let's assume that at the time, I think it's correct, that Mr. Dawson committed the crime. If he violated his supervised – you know, he was subject to 12 to – I'm sorry, when released, he was subject to 12 to 36 months of supervised release. Correct. That was the possible penalty when he committed the crime. When he's released, the only possible penalty is 36 months because the new board statute has come into effect. And the board says – they didn't say it, but let me just – I'm playing off a hypothetical. We'd like to give you 12 months, but we can't because now it's 36 or nothing. Is that – and you're saying that's not an ex post facto violation because it's just a retrospective application of a new sentencing statute? Yeah. The important thing to keep in mind about this is once he serves the 12 months, once he serves the period of supervised parole that is set forth, he is not entitled to anything. Right. That's a separate question. I'm just trying to figure out now – because I take it his argument is if I'd only gotten 12 months, I probably wouldn't have been on supervised release when I committed the violation. And that's a pretty speculative argument. But just – I'm not focusing on that at the moment. I'm just focusing on is it your view that the term of supervised release to which he was subject at the time that he committed the crime can be mandatorily increased later and that mandatory increase can be applied to the defendant without violating the ex post facto clause? Yes. Because it is merely a speculative disadvantage to the parolee because once he serves that period, he is not entitled to anything as a matter of state law. He is not entitled to discharge. He is not entitled to termination of his sentence. He is not entitled to reduction to unsupervised parole. Rather, all that period does is it defines a point when the parole board is going to look at him and make a decision whether to continue parole, to reduce it to unsupervised or to terminate parole. But that is – whether it's 12 months or 36 months doesn't make any difference as to what ultimately happens. Now, what Petitioner's argument here is is that, well, I committed my crime after 28 months and if I had only done 12 months, I would not have committed my crime during that 12 months. Right. I wouldn't have had a parole violation. Yeah. But the answer is that it is entirely speculative for him to say that if I had only gotten 12 months, I would have been off parole entirely at the point in 28 months. Because – and the speculation has no foundation in this record because the parole board actually took a look at him, I think, at 26 months and said, no, we are not going to discharge you from parole. We are going to continue parole because you are a danger. There's no basis in this record to assume if the board, which made that determination after 26 months, had made it earlier after 12 months, would have come to any different decision. Do we know what statute Board Action No. 5 was taken under? No, we can't. I mean, the – I mean, if it was taken under the earlier statute, there should have been a reason. If it was taken under the 1993 statute, there was no reason for Board Action No. 6, right? Well, to the extent that Petitioner is now saying, well, the State failed to comply with its own laws, well, that may be a due process violation. But we're not here talking about due process. He didn't allege a due process violation. He alleged an ex post facto violation. No, I understand. I'm just trying – I'm just trying to get a factual thing straight. What statute was Board Action No. 5 taken under? It doesn't say. Board Action No. 6 is rather clearly taken under the 1993 statute. Now – If that would have been unnecessary, would it not had the – had Board Action No. 5 been taken under the 1993 statute? No reason to do it again. Right. I think – I think this is pointed out in the briefs. The Board Action No. 5, which was in – 93, September of 93. Yeah. It came out just a few weeks after the law was changed. The new law took effect that requires a 36-month period. And so it's not clear whether the Board – in the face of the order, which is at ER 15, it says the Board applied the rules in effect at the time of the crime. Now, it is true when you look at that whole sentence, it is talking about a particular decision it's making. But there's nothing on the face of this order that suggests that the Board was doing anything other than applying the law at the time Petitioner committed his crime, when it made all the decisions there. And so – That would have been the 1985 law. Right. And so at that point, the Board always had the authority to impose a 36-month term of parole. But it should have given a reason under its own rules. Yes. And he is right. It doesn't give reason. So that gives some weight to his argument, well, because they didn't state reason, that must be because they were applying the new law. What role, if any, does the Supreme Court's case of Lindsay v. State of Washington play in our consideration here? My recollection of that case – and I'm sorry if I'm misstating – that is a case like any other ex post facto case where the new law is applied retroactively to result in a punishment that is more than the Petitioner, the inmate could have gotten previously. And that's where they had a – what previously was the maximum sentence became the minimum sentence. Very similar to what happened here in the sense of the 36 months. So I'm interested in your view of whether that case has any applicability here. Well, again, the difference is that I think in that case what you end up with is a minimum – I mean, suppose you have a law that says the sentencing court has the authority to impose anywhere between one and five years. And then there is – and the defendant commits his crime at that time. And then the law is changed to say, no, this type of defendant shall serve at least five years. Now, if the – if that new law is applied to the defendant and he gets five years, he can say I was disadvantaged because I had an opportunity to have a shorter sentence that was taken away from me. And I think that's what – Not for that case. But here what is going on is that the term of parole, and I think this is the crucial part in this, the term of parole, once he serves that, he is not entitled to anything. He is not entitled to discharge. He is not entitled to reduction. He is not entitled to anything. That is something that comes later. And so in the case of a person who gets the five-year minimum sentence, he is stuck serving that whole sentence. But that – even if he had gotten the one-year sentence, he would have been walking out the door after one year. And so he has a legitimate complaint, I think. But here, if he gets the one-year – he isn't entitled to walk out the door after one year. He is just entitled to be evaluated with the possibility of a – and so that is why I think when you look at the standard that I think the court later set out in Morales, the question rather is, is it a disadvantage him by giving him a longer punishment than he would have had otherwise? And you can't say that whether it's one year or three years on the parole supervision, that is an increase in punishment because the punishment is determined when the board ultimately makes the determination whether to give him – Morales helps your position from your perspective, I assume, right? Yes, right. Okay. And, you know, and the other thing that's kind of odd about this case is that in the usual situation, when you have an ex post facto claim and the court determines that the sentencer or the administrative agency applied a new law retrospectively in violation, what you end up doing is you send it back to that agency, to the sentencing court, to apply the law. But we can't do that in this case because his parole terminated 20 years ago. And so that is why a petitioner is saying, well, the only remedy you can give me now is to let me walk out the door. And it's like, no, that isn't right. To the extent that he'd be entitled to any remedy, you would say send it back to the board to think about whether in 1993 they would have – or 1994 they would have terminated him from parole based on the information that they knew in 1994. And obviously, they would not have done that because they had that same consideration in 1996 and decided not to. Unless the Court has any questions, that's all I have. Thank you. Thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Clifton, Smith, Hurwitz